UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF                          CIVIL ACTION
BONVILLIAN MARINE SERVICE, INC.
As Owner and Operator of the
M/V Miss April in a Cause of Action for
Exoneration from or Limitation of Liability

                                               NO. 19-14651

                                               SECTION D (1)

**ORDER**

       Before the Court is a Motion for Partial Summary Judgment (R. Doc. 66) filed by Defendants Bonvillian Marine Service, Inc. and AGCS Marine Insurance Company ("AGCS"). It is unopposed. After careful consideration of the parties' memorandum, the applicable law, and the record, the Court **GRANTS** the Motion.

I.     **FACTUAL BACKGROUND**

       On January 19, 2019, Bonvillian Marine Services, Inc., LLC's ("Bonvillian Marine") vessel, the M/V MISS APRIL, was towing two barges when it allided with Baywater Drilling, LLC's ("Baywater") crewboat, the M/V MISS SADIE ELIZABETH, as the Baywater boat was docked at the French's Welding Port Sulphur Dock on navigable waters near Port Sulphur, Louisiana.[1] The allision resulted in property damage to the M/V MISS SADIE ELIZABETH and the dock, as well as personal injuries to Junior Joseph Pellegrin, Jr., a seaman aboard the M/V MISS SADIE ELIZABETH.[2]

---

[1] R. Doc. 1 at 3 ¶ 6.
[2] *Id.*

On August 23, 2019, Mr. Pellegrin commenced a lawsuit against Bonvillian Marine in Louisiana state court.[3] On December 12, 2019, Bonvillian Marine, as owner and operator of the M/V MISS APRIL, filed a Verified Complaint in a cause of exoneration from or limitation of liability.[4] On August 29, 2020, Mr. Pellegrin and his wife and fellow Plaintiff, Dana Lebouef Pellegrin, filed an Answer to Bonvillian Marine's Verified Complaint as well as a Counterclaim of Damges [sic] for Personal Injury against Bonvillian Marine and AGCS.[5] Among other damages, the Pellegrins sought punitive damages from Bonvillian Marine and AGCS along with damages for "loss of consortium, including society, services, and intimate relations," arising from Bonvillian Marine's purported negligence.[6]

On November 23, 2020, the Court granted Defendants' Motion to Dismiss for Lack of Jurisdiction and dismissed Petitioner's claims, finding that Bonvillian Marine did not timely file its limitation action.[7] Bonvillian Marine appealed to the United States Fifth Circuit Court of Appeals and on December 2, 2021, the Fifth Circuit reversed this Court's dismissal of the case and remanded it for further proceedings.[8]

Bonvillian Marine has filed a Motion for Partial Summary Judgment arguing that the Pellegrins cannot recover punitive damages and any other non-pecuniary damages against Bonvillian Marine and AGCS, including damages for "loss of consortium, including society, services, and intimate relations" under general

---

[3] *Id.* at 4 ¶ 10.
[4] R. Doc. 1.
[5] R. Doc. 31.
[6] *Id.* at 9 ¶ 8.
[7] R. Doc. 50.
[8] R. Doc. 60.

maritime law and thus those claims must be dismissed.[9] The Pellegrins have not filed an opposition.

## II.   LEGAL STANDARD

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[10] When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[11] While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[12] Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[13]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[14] The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by

---

[9] R. Doc. 66.
[10] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).
[11] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citations omitted).
[12] *Id*. (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[13] *Delta & Pine Land Co.*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[14] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).

"showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[15] If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[16] The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[17]

### III.  ANALYSIS

Bonvillian Marine has filed a Motion for Partial Summary Judgment seeking to dismiss the Pellegrins' claims to recover punitive damages and damages for loss of consortium, including society, services, and intimate relations, with prejudice, because general maritime law precludes recovery for these claims.[18] The Pellegrins have not filed an opposition.

The Court must first determine whether Mr. Pellegrin is a seaman under the Jones Act and thus whether general maritime law applies. To qualify as a seaman, a plaintiff must show (1) that his duties "contribute[d] to the function of the vessel or to the accomplishment of its mission," and (2) that he has "a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of

---

[15] *Id.* at 1265.
[16] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[17] *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).
[18] R. Doc. 66.

both its duration and nature."[19] Mr. Pellegrin states in his counterclaim that he "was employed by Baywater Drilling, LLC as the captain of the *M/V Sadie Elizabeth*, a vessel owned and operated by Baywater Drilling, LLC in navigable waterways, including the coastal waterways of Louisiana along the Gulf of Mexico."[20] Mr. Pellegrin, as a vessel captain, has an employment related connection to a vessel in navigation, specifically the M/V SADIE ELIZABETH, and contributes to the mission of the vessel and thus his employment is substantial in both its duration and nature. Accordingly, Mr. Pellegrin is a seaman under the Jones Act.

The Court must next determine whether the Pellegrins' claims for punitive damages and non-pecuniary damages are precluded under general maritime law. The Fifth Circuit in *Scarborough v. Clemco Industries* held that a seaman or his survivors cannot recover punitive damages against either his employer or against a non-employer third party.[21] The Fifth Circuit's holding in *Scarborough* has been applied by multiple sections of this Court, and, as briefed by Defendants, has also been re-affirmed by the Fifth Circuit following the Supreme Court's ruling in *Atlantic Sounding v. Townsend*.[22] In *Melancon v. Gaubert Oil Company*, a section of this court determined that a Jones Act seaman and his wife and children were precluded from recovering punitive damages as well as non-pecuniary damages, including damages for loss of consortium, loss of love, loss of affection, and loss of services against a non-

---

[19] *Chandris v. Latsis*, 515 U.S. 347, 376 (1995).
[20] R. Doc. 31. p. 7 ¶ 3.
[21] 391 F.3d 660, 668 (5th Cir. 2004). The Court is aware of the U.S. Supreme Court decision *of Atlantic Sounding Co. v. Townsend*, 557 U.S. 404 (2009) which held that a Jones Act seaman can recover punitive damages for an employer's willful and wanton failure to honor its maintenance and cure obligation. That issue is not before the Court in this motion.
[22] *Id. See,* for example, *McBride v. Estis Well Service*, L.L.C., 769 F. ed 382 (5th Cir. 2014).

employer third-party tortfeasor.[23] Similarly, another section of this court in *Wiltz v. M-I, LLC* described the Fifth Circuit's decision in *Scarborough* as "binding precedent" and held that a seaman was precluded from recovering punitive damage claims as well as non-pecuniary damages from a non-employer under general maritime law.[24]

Here, Mr. Pellegrin, a Jones Act seaman employed by Baywater, has brought claims against non-employers, specifically Bonvillian Marine and AGCS for negligence and is seeking punitive damages as well as non-pecuniary damages for loss of consortium, including society, services, and intimate relations.[25] As a Jones Act seaman, Mr. Pellegrin, as well as his wife, is precluded from recovering punitive damages as well as non-pecuniary damages from non-employers, such as Bonvillian Marine and AGCS, in a negligence action under general maritime law.[26] Accordingly, the Pellegrins' claims for punitive damages and non-pecuniary damages against Bonvillian Marine and AGCS must be dismissed.

---

[23] No. 17-2905, 2017 WL 3438346, at *3 (E.D. La. Aug. 10, 2017).
[24] 356 F. Supp. 3d at 597-98 (E.D. La. 2018); *see also Lewis v. Noble Drilling Services, Inc.*, No. 15-1018, 2016 WL 3902597 (E.D. La. Jul. 19, 2016) (holding that *Scarborough* is binding on this court and finding that a plaintiff's punitive damages claim for negligence and unseaworthiness is not a plausible claim for relief in light of binding Fifth Circuit precedent); *see also Snyder v. L & M Botruc Rental Inc.*, 924 F.Supp.2d 728, 737 (E.D. La. 2013) (holding that plaintiff was precluded from recovering punitive damages on his negligence and unseaworthiness claims under the Jones Act because of the statute's pecuniary limitation).
[25] R. Doc. 31.
[26] *Scarborough,* 391 F.3d at 668; *see also Wiltz*, 356 F. Supp. 3d at 597-98; *see also Lewis*, 2016 WL 3902597; *see also Snyder*, 924F.Supp.2d at 728.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Bonvillian Marine's Motion for Partial Summary Judgment[27] is **GRANTED**.

**IT IS FURTHER ORDERED** that Claimants Junior Joseph Pellegrin, Jr. and Dana Lebouef Pellegrin's claims for punitive damages as well as for loss of consortium, including society, services, and intimate relations against Bonvillian Marine and AGCS are **DISMISSED with prejudice**.

New Orleans, Louisiana, August 11, 2022.

*Wendy B Vitter*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[27] R. Doc. 66.